**UNITED STATES of America, et al., Plaintiffs,**

**v.**

**MONTROSE CHEMICAL CORPORATION OF CALIFORNIA, et al., Defendants.**

**No. CV 90–3122–AAH.**

United States District Court, C.D. California.

Oct. 6, 1997.

Lois Schifer, Adam M. Kushner, Steven O'Rourke, Environment and Natural Resources Div., U.S. Dept. of Justice, Washington, DC, Nora M. Manella, U.S. Attorney, Leon W. Weidman, Chief, Civil Div., John Rubiner, Asst. U.S. Atty., U.S. Attorney's Office, Los Angeles, CA, for U.S.

Daniel E. Lungren, Atty. Gen. of the State of Cal., Richard M. Frank, Charles Getz, Asst. Atty. Gen., John A. Saurenman, Clara L. Slifkin, Brian W. Hembacher, Deputy Atty. Gen., Los Angeles, CA, for State of Cal.

Frank Rothman, Jose R. Allen, Peter Simshauser, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, CA, for Chris–Craft In-

dus., Inc., on Behalf of Montrose Chemical Corp. of Cal., Rhone–Poulenc, Inc., Atkemix Thirty–Seven Inc., Stauffer Management Co., Zeneca, Inc., Westinghouse Electric Corp.

Moses Lasky, Charles B. Cohler, Kevin C. McCann, Jeffrey F. Silverman, Christopher S. Yates, Lasky, Haas & Cohler, P.C., San Francisco, CA, for Defendant Counterclaimant, Cross–Claimant and Third–Party Plaintiff, Westinghouse Electric Corp.

## ORDER RE: DEFENDANTS' APPLICATION FOR INDEPENDENT REVIEW OF THE SPECIAL MASTERS'S MAY 27 AND MAY 28 MINUTE ORDERS

HAUK, Senior District Judge, Chief Judge Emeritus.

On September 22, 1997, this Court heard oral argument on the application of Defendants[1] seeking the Court's independent review of the Special Master's May 27, 1997 minute order and the Special Master's May 28, 1997 minute order, as amended June 3, 1997.

After consideration of the parties' respective briefs, exhibits, oral arguments and proposed and revised proposed orders, the Court concludes and hereby orders as follows:

■ 1. The Special Master's May 27, 1997 minute order, concerning discovery of the activities of the United States Environmental Protection Agency (EPA) is vacated. Defendants are entitled to conduct discovery of all matters relevant to the subject matter of this action. Fed.R.Civ.P. 26(b)(1). Such discoverable matters include those relating to EPA's activities respecting the Palos Verdes Shelf. The Court does not need to determine at this time what the scope of judicial review of any action yet to be taken by EPA would be. Defendants are entitled, among other things, to conduct discovery reasonably calculated to obtain evidence which the Court

may use to supplement any administrative record compiled or to be compiled by the EPA. In this connection, Defendants may conduct discovery reasonably calculated, among other things, to obtain evidence to substantiate their allegations of misconduct by Plaintiffs or their experts, including deposing all persons designated by Plaintiffs as experts, including withdrawn experts.

■ 2. The Special Master's May 28, 1997 order, concerning deposition discovery of the Amended Consent Decree between Plaintiff and LACSD *et al.*, is vacated to the extent it prohibits depositions on factual matters listed in categories nos. 1, 6, 7, and 9–13 in the Notices of Deposition dated April 15, 1997 served by Chris–Craft Industries, Inc. Defendants are entitled to discovery of factual matters underlying the Amended Consent Decree, but may not inquire into the settlement discussions leading up to the proposed Amended Consent Decree (*i.e.*, discussions that are protected from disclosure by the Special Master's September 18, 1992 Order Re: Confidentiality of Settlement Conferences). Nothing in this paragraph constitutes a waiver of the attorney-client privilege, attorney work product doctrine, the deliberative and mental process privilege, or any other applicable privilege.

3. Any issues that might arise during the discovery taken pursuant to paragraphs 1 and 2 above shall be presented to and resolved by Hon. Harry V. Peetris, who is hereby appointed to act as Discovery Referee.[2] The Special Master has indicated to this Court his availability to be personally present as Discovery Referee, if necessary, at the depositions in order to rule on any objections made by the parties.

4. The Court refers all counsel to this Court's PRETRIAL ORDER NO. 1 AND REFERENCE TO SPECIAL MASTER TO SUPERVISE AND SUPERINTEND DISCOVERY AND ALL PRETRIAL MATTERS. In Pretrial Order No. 1, this Court charged Special Master Peetris with the duty

---

1. Defendants are Montrose Chemical Corp. of California, Chris–Craft Industries, Inc., Rhone–Poulenc, Inc., Atkemix Thirty–Seven, Inc., Stauffer Management Company, Zeneca Holdings, Inc. And Westinghouse Electric Corp.

2. The Court notes that numerous third-party defendants have joined Plaintiffs in recommending Judge Peetris as deposition referee in this matter.

and authority to supervise and issue recommendations and orders regarding all pretrial motions and matters, except those which may be dispositive of any issue on the merits of the case. *See* Pretrial Order No. 1 at par. 3(c).

Specifically, the Special Master is charged with the duty and responsibility to superintend and schedule all discovery matters, including the taking of depositions, and to decide all questions and disputes with reference thereto. The Special Master also may determine in his discretion to be personally present at any discovery proceedings. *See* Pretrial Order No. 1 at par. 3(d).

The Special Master has the power to rule in the first instance that answers to any question objected to by any party may be taken subject to such objection and preserved until the admissibility of said testimony is determined by the Federal Court litigation before this Court in this action. He also has power to rule in the first instance on any objection to such question on the ground that the answer to such question might cause disclosure of confidential communication between attorney and client, work product, or any other matter allegedly otherwise protected from disclosure; and to rule in the first instance on all applications made during or in connection with the said depositions under Rules 26, 30, 31, 32 and 34 of the Federal Rules of Civil Procedure. *See* Pretrial Order No. 1 at pars. 3(e)(iii),(iv) and (v).

This court retains the discretion to hold a hearing on any matter brought before the Special Magistrate, and following independent review, to adopt, modify or reject the recommendation or ruling of the Special Magistrate in whole or in part, or to recommit it with instructions. *See* Pretrial Order No. 1 at par. 4(d).

On any matter brought before the Court for review, the Special Master is responsible to furnish to the Court a statement of the problem and the reasons for his action, which statement may include the legal basis for his action. *See* Pretrial Order No. 1 par. 4(b). Special Master Peetris has filed a Report and Recommendation with the Court in relation to Defendants' Motion for Independent Review, and the court has taken it under consideration along with the papers filed by both parties.

The specific directions pertaining to Special Master Peetris' authority and duties set out in the foregoing instructions make it evident to the Court that it is appropriate to order that Special Master Peetris continue in his responsibilities, with the additional duty and responsibility of supervising the discovery ordered in paragraphs 1 and 2 herein.

IT IS SO ORDERED.